1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

10

11

12

13

14

15

16

17

| | |
|---|---|
| ALEXA CATHCART<br>　　Plaintiff,<br><br>　　vs<br><br>CITY OF SEATTLE; DAVID BLACKMER,<br>in his individual and official capacities; JUAN<br>M. ORNELAS, in his individual and official<br>capacities;  SEATTLE'S FINEST POLICE<br>SECURITY AND TRAFFIC CONTROL,<br>LLC; SEATTLE SPORTSERVICE,<br>CORPORATION. DBA CENTURY LINK<br>FIELD; JOHN OR JANE DOES 1-15,<br>　　Defendants | Civil No.<br><br>COMPLAINT<br><br>JURY DEMAND |

## I.　　PARTIES

18

1.1　　Plaintiff Alexa Cathcart is a citizen of the United States and a resident of King County,

19

20

Washington.

21

1.2　　The City of Seattle is a municipal corporation in the State of Washington. Under its

22

authority from the laws of the State of Washington, the City of Seattle operates the Seattle Police

23

Department.

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

COMPLAINT
3/9

1.3     David Blackmer was an officer of the Seattle Police Department at all relevant times.

Upon information and belief, Defendant Blackmer is believed to reside in the State of

Washington.  In committing the acts and omissions alleged, Defendant Blackmer was acting

under color of state law and within the course and scope of his employment as an officer in the

Seattle Police Department. Defendant Blackmer is sued in his official and individual capacities.

Defendant Blackmer was also employed as an "off-duty," but uniformed, security guard by

Seattle's Finest Police Security and Traffic Control, LLC, which was in turn employed by Seattle

Sportservice Corporation, DBA CenturyLink Field ("SportService").

1.4     Juan Ornelas was an officer of the Seattle Police Department at all relevant times.  Upon

information and belief, Defendant Ornelas is believed to reside in the State of Washington.  In

committing the acts and omissions alleged, Defendant Ornelas was acting under color of state

law and within the course and scope of his employment as an officer in the Seattle Police

Department. Defendant Ornelas is sued in his official and individual capacities.  Defendant

Blackmer was also employed as an "off-duty," but uniformed, security guard by Seattle's Finest

Police Security and Traffic Control, LLC, which was in turn employed by Seattle Sportservice,

Inc., DBA CenturyLink Field ("SportService").

1.4     Seattle's Finest Police Security and Traffic Control, LLC ("Seattle's Finest"), was a

Washington Corporation.  Its primary function was to provide security services for local

businesses in the Seattle area, using off-duty police officers.

1.5     Sportservice, Inc, DBA CenturyLink Field ("Sportservice") is a company that employed

Seattle's Finest Police Security and Traffic Control, LLC, to provide security services on its

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

COMPLAINT
3/9

behalf for an event at WaMu Theater, which is part of its property at 800 Occidental Ave. S. in

Seattle, Washington, at the time of the incident.

1.6     John or Jane Does 1-5 are unknown agents of the City of Seattle.  Upon information and

belief, John or Jane Does 1-5 reside in the State of Washington.

1.7     John  or Jane Does 6-10 are unknown agents of Seattle Sportservice, Inc. Upon

information and belief, John Does 6-10 reside in the State of Washington.

1.9     John or Jane Does 11-15 are unknown agents of Seattle's Finest Police Security and

Traffic Control, LLC.  Upon information and belief, John Does 11-15 reside in the State of

Washington.

## II.     JURISDICTION AND VENUE

2.1     This action is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth and

Fourteenth Amendments to the United States Constitution, and Washington State law.

2.2     The court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343.

2.3     The claims alleged herein arose in the City of Seattle, County of King, Washington.

2.4     Venue in the Western District of Washington, Seattle courthouse, is proper pursuant to 28

U.S.C. §1391.

## III.     FACTS AND CIRCUMSTANCES

The following factual allegations are not intended to be exhaustive in nature and are

written solely to provide notice to the Defendant of the general nature of Plaintiff's complaint.

3.1     On October 26th, 2012, Plaintiff went to a concert with her boyfriend, John West, at

WaMu Theatre, CenturyLink Field in Seattle.

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

COMPLAINT
3/9

3.2     SportService employs or contracts with Seattle's Finest to provide Security services for some of its venues.  Seattle's Finest, in turn, employed, hired, or contracted with Defendant Blackmer and John or Jane Does 1-15 to provide security services on its behalf for an event at WaMu Theater on that day.  Seattle's Finest is permitted by the Seattle Police Department to schedule Seattle Police Officers to perform such security services.

3.3     John West was ordered to leave the event by one of John or Jane Does 1-15 because he was too intoxicated.

3.4     Plaintiff was waiting outside the building in line with friends.  John West was too intoxicated to reenter the building, so Plaintiff decided to help him get home by contacting a cab.  Plaintiff helped John West sit down on the steps outside the stadium while she went across the street to a street-vendor to John West a bottle of water.

3.5     When Plaintiff returned to where she had left John West, Seattle Police officers Frame, Quan, and Defendant Ornelas had taken John West to the ground and were apparently beating him with police batons, apparently as part of their efforts to arrest him.

3.6     Plaintiff walked toward the police, and from about 15 or 20 feet away yelled to the police, "I know him! Please stop!"

3.7     Plaintiff was calm and was not posing a threat.

3.8     One unidentified officer responded, "Back the fuck up bitch! Back the fuck up!"

3.9     Plaintiff took two steps back, but when Police continued to beat John West, Plaintiff said again, "Hey! Stop! I know him!".

3.10     At that point, Defendant Blackmer came towards Plaintiff, grabbed her by the hair in a hair hold maneuver to control her.

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

COMPLAINT
3/9

3.11    Defendant Blackmer used the hair-hold technique to take Plaintiff to the ground and bash her head into the ground repeatedly, causing a concussion, abrasion, and contusion, while Defendant Blackmer yelled, "Stop resisting!"

3.12    Plaintiff was not nor had been resisting police or fighting in any way.

3.13    On information and belief, Plaintiff was and is much smaller than Defendant Blackmer.

3.14    Defendant Blackmer took Plaintiff to a detaining cell that was controlled by Seattle Sportservice.

3.15    While walking to the detaining cell, Defendant Blackmer and/or John or Jane Does 1-15 threw Plaintiff down on the concrete again and tightened her handcuffs very tightly, causing injuries to Plaintiff's wrists.

3.16     Defendant Blackmer said to Plaintiff, "I hope you know you're going to jail you stupid little cunt!"

3.17    Plaintiff was locked in a detaining cell maintained by Seattle Sportservice for a short period of time.

3.18    Defendants Blackmer and John or Jane Does 1-15 wrote false statements or provided false information to other officers in order to provide a sworn declaration for the purpose of requesting a judicial officer to determine whether probable cause existed to charge Plaintiff with a crime.

3.19    False information provided by Defendants Blackmer and John Does 1-15 caused Plaintiff to be incarcerated, and subsequently caused criminal charges to be filed against Plaintiff.

3.20    Plaintiff was then brought to King County jail and stayed there for the night.

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

COMPLAINT
3/9

1

2

3.21    Throughout the incident Plaintiff never hit, kicked, or assaulted Officer Blackmer or any

other person.

3

4

3.22    Plaintiff sustained a concussion and abrasions to her head, arms, and legs, and other

minor injuries, along with emotional distress from the incident.

5

6

3.23    Plaintiff suffered nerve damage and lost feeling in her wrists for approximately two

months afterwards because the handcuffs were placed on her wrists too tightly.

7

8

3.24    Plaintiff suffered financial losses and expenses as a result of this incident.

9

## IV.    CAUSES OF ACTION

10

**A.    CLAIMS AGAINST DEFENDANTS BLACKMER, ORNELAS AND JOHN OR JANE DOES 1-5.**

11

12

4.1    UNREASONABLE SEIZURE—EXCESSIVE USE OF FORCE UNDER 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

13

14

        The plaintiff brings her claims under the federal statute, 42 U.S.C. § 1983, which

provides that any person or persons who, under color of law, deprives another of any rights,

15

16

privileges, or immunities secured by the Constitution or laws of the United States shall be liable

to the injured party.  Defendants David Blackmer, Juan Ornelas, and John or Jane Does 1-5 acted

17

18

under color of law and deprived the plaintiff of her particular rights under the United States

19

Constitution to be free from an unreasonable seizure by the excessive use of force by slamming

20

her head into the concrete and by tightening her handcuffs too tightly, and otherwise as alleged in

21

section III of this complaint.

22

4.2    UNREASONABLE SEIZURE—LACK OF PROBABLE CAUSE TO ARREST UNDER SECTION 1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

23

24

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

COMPLAINT
3/9

The plaintiff brings her claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.  Defendants David Blackmer, Juan Ornelas, and John or Jane Does 1-5 acted under color of law and deprived the plaintiff of her particular rights under the United States Constitution to be free from an unreasonable seizure by arresting her without probable cause as alleged in section III of this complaint.

**B.      CLAIM AGAINST CITY OF SEATTLE**

4.3      MUNICIPAL LIABILITY BASED ON POLICY OF FAILURE TO TRAIN OR SUPERVISE UNDER SECTION 1983.

The Plaintiff brings her claim under the federal statute 42 U.S.C. §1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.  The training policies of the defendant City of Seattle were not adequate to train or supervise its police officers to handle the usual and recurring situations with which they must deal.  The defendant City of Seattle was deliberately indifferent to the obvious consequences of its failure to train or supervise its police officers.  The failure of the defendant City of Seattle to provide adequate training caused the deprivation of the plaintiff's rights by Defendants David Blackmer, Juan Ornelas, and John or Jane Does 1-5.  The defendant's failure to train or supervise is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury as alleged in section III of this complaint.

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

COMPLAINT
3/9

**C.     CLAIMS AGAINST BLACKMER AND JOHN DOES 1-15 ACTING IN THEIR ROLES AS EMPLOYEES OF SEATTLE'S FINEST AND/OR SEATTLE SPORTSERVICE.**

4.4     COMMON LAW ASSAULT

Defendant Blackmer assaulted Plaintiff by intentionally and without lawful authority grabbing her hair and/or slamming her head into the ground.

Defendants Blackmer and/or Ornelas, assaulted Plaintiff by intentionally and without lawful authority throwing her to the ground and tightening her handcuffs so tightly that they caused physical injury.

4.5     NEGLIGENCE

Defendants Blackmer and Ornelas negligently caused injury to Plaintiff by their actions alleged in this complaint.

**D.     RESPONDEAT SUPERIOR CLAIMS AGAINST SEATTLE'S FINEST AND SPORTSERVICE**

4.6     During the acts alleged, David Blackmer, Juan Ornelas, and John Does 1-15 were acting as agents for Seattle's Finest and/or Seattle Sportservice, which are each vicariously liable for the actions of David Blackmer, Juan Ornelas, and John Does 1-15.

<b>V.     REQUEST FOR RELIEF</b>

5.1     Nominal and compensatory damages in an amount to be determined.

5.2     Punitive damages against individual defendants.

5.3     Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and/or as otherwise authorized by statute or law.

5.4     For such other and further relief as the court deems just and proper.

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

COMPLAINT
3/9

1

Date: October 19, 2015

/s/ Kenan Isitt
Kenan Isitt, WSBA# 35317
Carney Gillespie Isitt PLLP
315 5th AVe. S, STE 860
Seattle, WA 98104
Phone: 206-890-6403
Fax: 206-260-2486
Email: kenan.isitt@cgilaw.com

/s/ Christopher Carney
Christopher Carney, WSBA# 30325
Carney Gillespie Isitt PLLP
315 5th AVe. S, STE 860
Seattle, WA 98104
Phone: 206-445-0212
Fax: 206-260-2486
Email: christopher.carney@cgilaw.com

/s/ Sean Gillespie
Sean Gillespie, WSBA# 35365
Carney Gillespie Isitt PLLP
315 5th AVe. S, STE 860
Seattle, WA 98104
Phone: 206-445-0211
Fax: 206-260-2486
Email: sean.gillespie@cgilaw.com

CARNEY
GILLESPIE **PL LP**
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

COMPLAINT
3/9